IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER SCOTT FISH, ) | Civil No.: 3:17-cv-01372-JE |
| ) | |
| Plaintiff, ) | OPINION AND |
| ) | ORDER |
| v. ) | |
| ) | |
| ) | |
| COLETTE PETERS, Director, ODOC; ) | |
| RICK ANGELOZZI, Superintendent, CRCI; ) | |
| TIM CAUSEY, Superintendent, DRCI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

JELDERKS, Magistrate Judge:

Pro se Plaintiff Fish brings this action pursuant to 42 U.S.C. § 1983 against Defendants, who are employees of the Oregon Department of Corrections ("ODOC"). Plaintiff alleges that Defendants violated his Eighth Amendment rights by purchasing, storing, preparing and serving food that was out of date, moldy, decayed and marked "not for human consumption." Plaintiff also alleges that he was forced to eat off of and with implements that contained "bacteria, decaying food, and other detritus." (Compl. p. 5).

Plaintiff filed a Motion for Partial Summary Judgment on November 22, 2017. (Dkt. # 15). A stay of the case was then entered pending resolution of a motion for class certification.

(Dkt. #17). The stay was lifted on November 5, 2018 and Defendants filed a Motion for Summary Judgment on March 28, 2019. (Dkt. #s 28, 31). Neither Defendants nor Plaintiff filed Responses.

For the reasons set forth below, Plaintiff's motion for partial summary judgment is denied and Defendants' motion for summary judgment is granted.

## Background

Plaintiff was an inmate in the custody of ODOC from October 15, 2012 until February 11, 2016. He was again in ODOC's custody from June 20, 2017 until September 20, 2017. During the periods relevant to his Complaint, Plaintiff was housed at the Columbia River Correctional Institution ("CRCI") and the Deer Ridge Correctional Institution ("DRCI"). During the relevant time period, Defendant Peters was the ODOC Director, Defendant Angelozzi was the CRCI Superintendent, and Defendant Causey was the DRCI Superintendent.

As noted above, Plaintiff alleges that Defendants knowingly purchased, stored, prepared and served food that was out of date, moldy, decayed and marked "not for human consumption." Plaintiff also alleges that he was forced to eat off of and with implements that contained "bacteria, decaying food, and other detritus." (Compl. p. 5). Plaintiff also alleges unsanitary conditions in the Institutions' food service facilities. (Id.).

In support of his motion for partial summary judgment, Plaintiff has submitted a handwritten but unsigned "Declaration." He asserts that in February 2015, while housed at CRCI he "informed food coordinator Mr. Hernandez about the food being rotten and moldy. Also I informed him about the sanitation of the trays and cups." (Dkt. # 15, p. 2). Plaintiff also asserts that he filed a grievance regarding these issues in March 2015. (Id.). Plaintiff then alleges that

"[a]fter the grievance process and appeal I filed a tort claim in May of 2015. After the tort claim the investigation came back with the claim of the food & sanitation was fine." (Id. pp. 2-3).

Defendants concede that Plaintiff filed a single grievance regarding one of the issues in his Complaint but assert that Plaintiff did not grieve the food quality issue and failed to file an appeal to the response given to the grievance he did file. The record evidence supports this. Plaintiff's grievance record reflects one grievance regarding the sanitation of plates and silverware at CRCI. (Geils Decl. Ex. 4). The copy of Plaintiff's grievance, which was received on April 28, 2015, discusses the "unsanitary conditions with CRCI's Food Services Dept." and specifically, dirty and greasy food trays, utensils, and cups. (Geils Decl. Ex. 5). A Grievance Response from F. Hernandez dated May 15, 2015, addresses theses concerns. (Id.). There is no record that Plaintiff appealed this Response.

## Evaluating Motions for Summary Judgment

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case. *Id.* When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial. *Id.*

The substantive law governing a claim or defense determines whether a fact is material. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987). Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party. *Id.* at 630–31. The evidence of the nonmoving party is to be believed, and all

justifiable inferences are to be drawn in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). However, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position [is] insufficient." *Liberty Lobby, Inc.*, 477 U.S. at 252. No genuine issue for trial exists where the record as a whole could not lead the trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348 (1986).

Where parties file cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the non-moving party in each instance the benefit of all reasonable inferences." *A.C.L.U. of Nev. v. City of Las Vegas,* 466 F.3d 784, 790–91 (9th Cir.2006) (quoting *A.C.L.U. of Nev. v. City of Las Vegas (A.C.L.U. I),* 333 F.3d 1092, 1096–97 (9th Cir.2003)).

## Discussion

Plaintiff moves for partial summary judgment on the issue of Defendants' liability. Plaintiff submits argument; his handwritten but unsigned "Declaration;" photocopies of various food labels; and an excerpt from ORS 624.570, which addresses food handler training requirements. (Dkt. #15).

Defendants move for summary judgment on several grounds; however, the Court finds dispositive Plaintiff's failure to exhaust administrative remedies.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA) provides that "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, even when the prisoner seeks relief not available in grievance proceedings. *Porter v. Nussle*, 534 U.S. 516, 524,

1225 S.Ct. 983 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

Failure to satisfy the PLRA exhaustion requirement is an affirmative defense that a defendant has the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910 (2007). A defendant must prove that "there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). "Once the defendant has carried that burden, the prisoner has the burden of . . . [coming] forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Furthermore, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387. "Proper exhaustion," in turn, "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id. (quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (2002))(emphasis in original).

ODOC has a grievance review system with a two-level appeal process that is set forth within its Administrative Rules. (Geils Decl. ¶ 5); *See* OAR Chapter 291, Division 109. Inmates are informed of the grievance process during the Inmate Orientation process and through an Inmate Orientation Packet and the inmate handbook. (Geils Decl. ¶ 7). Here, Defendants assert that Plaintiff has failed to exhaust his administrative remedies for the claims he raises in his Complaint.

Defendants support this assertion with the sworn Declaration of Marian Geils, who avers that she has made a thorough search of Plaintiff's grievance records; that Plaintiff filed eight grievances while in ODOC custody; that none of these grievances related to food that was moldy, out of date, or marked "Not For Human Consumption;" and that the single grievance

Plaintiff did file regarding food service sanitation was responded to but not appealed. (Geils Decl. ¶¶ 17-19). Defendants have also submitted, as noted above, copies of Plaintiff's grievance record, the grievance he submitted regarding food service sanitation, and ODOC's response. (Geils Decl. Ex. 4-5).

Here, Plaintiff did not respond to Defendants' motion for summary judgment and the vague and unsupported statements in his Declaration in support of his own motion for partial summary judgment are insufficient to create a genuine issue of material fact. It is well settled that "conclusory allegations, unsupported by facts, are insufficient to survive a motion for summary judgment." *Hernandez v. SpacelabsMed. Inc.*, 343 F.3d 1107, 1116 (9th Cir. 2003) (citation omitted); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[the] existence of a 'scintilla' of evidence [or] mere allegation and speculation do not create a factual dispute for purposes of summary judgment") (citations omitted); *FTC v. Publ'g Clearinghouse, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)(affidavits "lacking detailed facts and any supporting evidence, [are] insufficient to create a genuine issue of material fact").

Accordingly, Defendants are entitled to summary judgment.

## Conclusion

For the reasons set forth above, Plaintiff's motion for partial summary judgment (#15) is DENIED. Defendants' motion for summary judgment (#31) is GRANTED.

DATED this 26th day of June, 2019.

        /s/ John Jelderks
        John Jelderks
        U.S. Magistrate Judge